# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
### HELENA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 14-02-H-CCL-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| JAMES HENRY HERNANDEZ, JR., | |
| Defendant. | |

## I.  Synopsis

Defendant James Henry Hernandez, Jr. (Hernandez) has been accused of violating the conditions of his supervised release.  Hernandez admitted the alleged violations.  Hernandez's supervised release should be revoked.  Hernandez should be placed in custody for 4 months, with 32 months of supervised release to follow.  Hernandez should receive credit for time served.  Hernandez should begin his term of supervised release with a 60-day placement at an inpatient treatment facility in Montana, followed by a 180-day placement at a Residential Reentry Center in Nevada.  If the placement of Hernandez in a Residential Reentry Center in Nevada is not possible, Hernandez should be placed in a Residential Reentry Center in Montana.

## II.  Status

Hernandez pleaded guilty to Conspiracy to Make and Possess a Counterfeited Security on November 13, 2014.  (Doc. 36).  The Court sentenced Hernandez to 60 months of custody, followed by 36 months of supervised release. (Doc. 48).  Hernandez's current term of supervised release began on March 9, 2018.  (Doc. 58 at 1).

**Petition**

The United States Probation Office filed a Petition on August 3, 2018, requesting that the Court revoke Hernandez's supervised release.  (Doc. 58).  The Petition alleges that Hernandez violated the conditions of his supervised release: 1) by using methamphetamine; and 2) by failing to provide a urine sample at the testing facility; 3) by failing to report for urinalysis testing; and 4) by failing to report a contact with law enforcement to his probation officer.  (Doc. 58 at 1-4). United States District Judge Charles C. Lovell issued a warrant for Hernandez's arrest on August 3, 2018.  (Doc. 59).

**Initial appearance**

Hernandez appeared before the undersigned for his initial appearance on October 2, 2018.  (Doc. 62).  Hernandez was represented by counsel.  Hernandez stated that he had read the petition and that he understood the allegations. Hernandez waived his right to a preliminary hearing.  The parties consented to

2

proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on October 16, 2018.  Hernandez admitted that he had violated the conditions of his supervised release 1) by using methamphetamine; and 2) by failing to provide a urine sample at the testing facility; 3) by failing to report for urinalysis testing; and 4) by failing to report a contact with law enforcement to his probation officer. The violations are serious and warrant revocation of Hernandez's supervised release.

Hernandez's violation is a Grade C violation.  Hernandez's criminal history category is VI.  Hernandez's underlying offense is a Class D felony.  Hernandez could be incarcerated for up to 24 months.  He could be ordered to remain on supervised release for up to 36 months, less any custody time imposed.  The United States Sentencing Guidelines call for a term of custody of 8 to 14 months.

### III.   Analysis

Hernandez's supervised release should be revoked.  Hernandez should be incarcerated for 4 months, with 32 months of supervised release to follow. Hernandez should receive credit for time served.  Hernandez should begin his term of supervised release with a 60-day placement at an inpatient treatment facility in Montana, followed by a 180-day placement at a Residential Reentry Center in

Nevada.  If the placement of Hernandez in a Residential Reentry Center in Nevada is not possible, Hernandez should be placed in a Residential Reentry Center in Montana.  The supervised release conditions imposed previously should be continued.  This sentence is sufficient but not greater than necessary.

## IV.   Conclusion

The Court informed Hernandez that the above sentence would be recommended to Judge Lovell.  The Court also informed Hernandez of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Hernandez that Judge Lovell would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> James Henry Hernandez, Jr. violated the conditions of his supervised release by using methamphetamine, by failing to provide a urine sample at the testing facility, by failing to report for urinalysis testing, and by failing to report a contact with law enforcement to his probation officer.

The Court **RECOMMENDS:**

> The District Court should revoke Hernandez's supervised release and commit Hernandez to the custody of the United States Bureau of Prisons for a term of imprisonment of 4 months, with 32 months of supervised release to follow.  Hernandez should receive credit for time served.  Hernandez should spend the first 60 days of supervised release at an inpatient treatment facility in Montana, followed by a 180-day placement at a Residential Reentry Center in Nevada.  If the placement of Hernandez in a Residential Reentry

4

Center in Nevada is not possible, Hernandez should be placed in a Residential Reentry Center in Montana.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C. § 636(b)(1).  A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 18th day of October, 2018.

John Johnston
United States Magistrate Judge